UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 11
AGRIPROCESSORS, INC.,           )
                                )    Bankruptcy No. 08-02751
     Debtor.                    )

### ORDER RE: APPLICATION OF TRIAX CAPITAL ADVISORS, LLC FOR THIRD INTERIM ALLOWANCE OF COMPENSATION (Doc. 844)

This matter came before the Court on August 11, 2009. Attorney Dan Childers appeared for Trustee Joseph Sarachek. Attorney Brad Epperly appeared for SHF Industries, Inc. Attorney Eric Lam appeared for First Bank Business Capital, Inc. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

The Court approved Trustee's employment of Triax Capital Advisors as financial and Business Operational Advisors under § 327(a) by order entered January 27, 2009. Triax requests $409,470.29 for fees and expenses for its services during the period from 4/1/2008 through 6/30/2008. The application includes 20 pages itemizing services and 9 pages itemizing expenses. The Court has allowed payment to Triax of $291,900.84 on March 31, 2009 (Doc. 615) and $395,728.19 on May 19, 2009 (Doc. 733).

The only objection to the current application was filed by SHF Industries, Inc. It asserts the time records are not sufficient under Rule 2016 or under other standards in cases such as In re Pothoven, 84 B.R. 579, 584 (Bankr. S.D. Iowa 1988). SHF argues that fee applications in this case are exorbitant and have not been shown to benefit the estate. It states it has become aware that funds are being wasted by Trustee by paying for inappropriate amounts of insurance and insuring vehicles owned by third parties.

SHF objects that almost $107,000 of the fees requested are attributed to controller Alan Rice without sufficient description of what he was actually doing. It asserts that several entries of $5.35 for a "Gym" expense are questionable and lead it to question other expenses. SHF argues that the descriptions of services and expenses are insufficient. It requests that any order on the Application include a substantial hold-back of funds.

At the hearing, counsel for Trustee noted that SHF is not a prepetition creditor, but rather it has acquired debt from

creditors and is the successful bidder for substantially all property of the estate. Trustee asserts that SHF knew these fees would be requested prior to making its acquisitions. He argues most of SHF's objections are broad and difficult to address. Counsel for Trustee asked the Court to deduct the Gym expenses charged. He asserts that the fees and expenses incurred were necessary to keep the plant operating.

## CONCLUSIONS OF LAW

Trustee applied for and received approval from the Court to employ Triax as a professional person under § 327(a). The compensation of professional persons employed under that section is governed by § 330, which allows the Court to award reasonable compensation. 11 U.S.C. § 330(a)(1)(A).

> [T]he lodestar method, calculated by multiplying the reasonable hourly rate by the reasonable number of hours required to represent the debtor in the case, is the appropriate approach for determining reasonable compensation under § 330. To determine the reasonable rates and hours, § 330(a)(3)(A) directs courts to consider factors including:
>
> -the time spent;
>
> -the rates charged;
>
> -the necessity of the services for administration of the case;
>
> -the reasonableness of the amount of time spent in light of the complexity, importance and nature of the problem, issue or task addressed; and
>
> -the reasonableness of the requested compensation compared to the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

In re Nilges, 301 B.R. 321, 324-25 (Bankr. N.D. Iowa 2003), citing In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992) (adopting lodestar approach).

Rule 2016 requires a detailed statement from entities seeking compensation from the estate, including the services rendered, time expended, expenses incurred and amounts requested. Fed. R. Bankr. P. 2016(a). This requires documentation

describing the nature of the services in sufficient detail to permit the Court to determine that they are authorized, necessary and reasonable. In re Woods Auto Gallery, Inc., 379 B.R. 875, 885 (Bankr. W.D. Mo. 2007). The applicant seeking compensation bears the burden of establishing that the request is reasonable. Nilges, 301 B.R. at 324. The bankruptcy court has broad power and discretion to award or deny compensation under § 330(a). In re Clark, 223 F.3d 859, 863 (8th Cir. 2000).

As noted in In re Courson, 138 B.R. 928, 934 (Bankr. N.D. Iowa 1992), unlike the Bankruptcy Court in the Southern District of Iowa, see Pothoven, this Court has not issued a decision specifying the exact parameters of an acceptable fee application under Rule 2016(a). The Court in Courson concluded that applicants generally will not be compensated for time spent preparing or presenting fee applications in bankruptcy cases. "Such work, except in extraordinary circumstances, is a cost of doing business." Id.

**ANALYSIS**

The Court has made a detailed review of Triax's application for compensation applying the foregoing standards. As conceded by counsel for Trustee at the hearing, ten entries for "Gym" costs of $5.35, or $53.50, will be disallowed. Entries totaling $2,000 for fee application preparation will also be disallowed.

As asserted by SHF, the Court finds that all of the time entries by Alan Rice are identical and insufficiently describe the services performed. These total $106,875. The same is true of the three entries by Winnie Christie totaling $2,625.00 in fees. These amounts will be disallowed at this time. Triax may amend the Application with more detailed descriptions of the services provided by Mr. Rice and Ms. Christie.

The Court concludes that the remainder of the fees and expenses requested are sufficiently described for the Court determine that they are reasonable and necessary. The nature of this case has required an unusual amount of effort on the part of Trustee and those employed by him. The Court is very familiar with this case and has been aware of the activities performed by the professionals in this case from its inception. In these circumstances, the Court finds the remainder of Triax's fees and expenses should be allowed.

**WHEREFORE**, the Application of Triax Capital Advisors, LLC for Third Interim Allowance of Compensation (Doc. 844) is GRANTED IN PART and DENIED IN PART.

  **FURTHER**, $2,000 of fees for preparation of the fee application and $53.50 for Gym expenses are disallowed.

  **FURTHER**, $109,500, representing fees for Alan Rice and Winnie Christie, are disallowed without prejudice to the filing of an amended Application more fully describing their services.

  **FURTHER**, Triax Capital Advisors, LLC is allowed the remainder of $242,306.25 of fees and $56,610.54 of expenses. Trustee is authorized to pay these amounts from available funds. All fees and expenses will be subject to eventual final approval by this Court.

  DATED AND ENTERED: August 19, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE