UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
AGRIPROCESSORS, INC.,           )
                                )    Bankruptcy No. 08-02751
     Debtor.                    )

### ORDER RE: FINAL APPLICATIONS FOR COMPENSATION
### FOR ATTORNEYS FOR UNSECURED CREDITORS COMMITTEE
### (Docs. 1008 AND 1012)

This matter came before the undersigned for hearing on December 1, 2009. Janet Reasoner appeared as Assistant U.S. Trustee. Dan Childers appeared as attorney for Trustee. No one appeared on behalf of Applicant Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C. No one appeared on behalf of Applicant Lowenstein Sandler P.C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### FINDINGS OF FACT

Bradley Kruse of the Brown, Winick, Graves law firm, as co-counsel for the Unsecured Creditors Committee, requests fees of $20,880 and expenses of $1,213.36 for services rendered from 4/1/09 to 10/8/09. The amount of fees and expenses previously requested by Attorney Kruse and allowed by the Court were $50,947 and $7,386.20, respectively.

Lowenstein Sandler PC, as co-counsel for the Unsecured Creditors Committee, requests total fees of $57,635.75 and expenses of $605.35 from 11/21/08 through 8/31/09. Of the total amount, the Court has previously approved fees and expenses of $54,006.75 and $491.15, respectively. This fee application requests approval of additional fees of $3,629 and expenses of $114.20 for services rendered from 4/1/09 through 8/31/09.

Thus, the total amount of fees and expenses of counsel for the Committee previously reviewed and allowed by the Court is $112,831.10. Of this amount, Trustee has paid the Committee's counsel $95,000, which is the amount negotiated as a carve-out from post-petition financing. The remainder of previously allowed fees is $17,831.10, which the parties agree would constitute a Chapter 11 administrative expense in this case.

Trustee filed a limited objection to the applications. He asserts that any order granting fees "should only authorize the

Trustee to pay from available funds, not order the Trustee to pay."

    U.S. Trustee objects to Attorney Kruse's application, stating that counsel's travel to New York was an unnecessary duplication of effort. Reading press articles should not be compensable. Counsel should not be paid for objecting to Trustee's attorney fees and a sale motion without legitimate bases for the objections, or for unsuccessful motions to compel payment of his fees. Counsel must prove the work performed was reasonable and necessary based on results obtained. U.S. Trustee asserts it is unclear what results were obtained for the Committee.

## CONCLUSIONS OF LAW

    Bankruptcy courts award professional fees under 11 U.S.C. § 330(a), which allows a court to grant reasonable compensation for actual, necessary services and expenses. Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004). The lodestar method, calculated as the number of hours reasonably expended multiplied by a reasonable hourly rate, is the appropriate calculation of fees. Id. To determine the reasonable rates and hours, the Bankruptcy Code directs courts to consider factors including:

    -the time spent;

    -the rates charged;

    -the necessity of the services for administration of the case;

    -the reasonableness of the amount of time spent in light of the complexity, importance and nature of the problem, issue or task addressed; and

    -the reasonableness of the requested compensation compared to the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

In re Peterson, 251 B.R. 359, 364 (B.A.P. 8th Cir. 2000), aff'd 13 Fed. Appx. 491 (8th Cir. 2001); 11 U.S.C. § 330(a)(3). Section 330 permits the court, on its own motion or on the motion of a trustee or other party in interest, to award compensation that is less than the amount requested. Id. at 363. The bankruptcy court has broad power and discretion to award or deny attorney fees under § 330(a). In re Clark, 223 F.3d 859, 863

(8th Cir. 2000). The applicant bears the burden of proving that the proposed compensation is reasonable. Id.

This Court does not have strict rules for attorney fee applications. Instead, it has set out broad guidelines in previous cases, all of which are available on the Court's website. See In re Blessing Industries, Inc., No. 00-00140, slip op. at 2-5 (Bankr. N.D. Iowa May 31, 2000); In re Rubber Devel., Inc., No. 98-03432, slip op. at 1-3 (Bankr. N.D. Iowa Apr. 24, 2000); In re Simon, No. 94-21491, slip op. at 2-5 (Bankr. N.D. Iowa Apr. 23, 1997). In synthesizing these cases, the following general standards appear:

1. Attorneys generally will not be compensated for preparing, submitting or defending their fee applications, which is considered a cost of doing business. Rubber Development, slip op. at 1.

2. The Court disallows compensation for secretarial work performed by lawyers, paralegals or other staff, which is also part of the cost of doing business. Blessing Indus., slip op. at 4.

3. Time charged for travel should be billed at one-half the standard hourly rate. Rubber Development, slip op. at 3.

4. Fees are not allowed for simply reviewing the work product of another or for duplicative billing by attorneys involved in intra-office conferences. Id. at 2-3; Simon, at 2.

In addition, this Court reviewed the award of compensation for attorneys for the unsecured creditors committee in In re Nat'l Cattle Congress Inc., No. 93-61986 (Bankr. N.D. Iowa Mar. 26, 1996). The following statements in that case remain applicable today:

> Legal services rendered on behalf of a committee are necessary if they are rendered in furtherance of the committee's duties under § 1103(c). . . . [T]he three basic functions of a committee are 1) to monitor the debtor's operations, 2) to investigate potential insider causes of action, and 3) to negotiate on the plan of reorganization. In re Cumberland Farms, Inc., 154 B.R. 9, 12 (Bankr. D. Mass. 1993). These functions are intimately tied to promoting the economic interests of the committee members. In re Pettibone Corp., 74 B.R. 293, 309 (Bankr. N.D. Ill. 1987).

> . . .
>
> Although committee functions are fairly broad and important, committees do not act in the capacity of "Grand Overseer" over every Chapter 11 case. <u>In re Strayer Seed Farms, Inc.</u>, No. 95-62081KW, slip op. at 3 (Bankr. N.D. Iowa Jan. 9, 1996); <u>Pettibone</u>, 74 B.R. at 309. Counsel must limit the issues deemed necessary to investigate and not become overly involved in the case. <u>Cumberland Farms</u>, 154 B.R. at 12. A committee's attorney must use reasonable billing judgment and consider if the costs of services would be disproportionately large in relation to the size of the estate or likelihood of success. <u>Unsecured Creditors Comm. v. Puget Sound Plywood, Inc.</u>, 924 F.2d 955, 959 (9th Cir. 1991). The value of the services must be viewed with the benefit of hindsight and must be reasonable in light of the outcome. <u>In re Wang Labs., Inc.</u>, 149 B.R. 1, 4 (Bankr. D. Mass. 1992).

<u>Nat'l Cattle Congress</u>, slip op. at 3-4.

**ANALYSIS**

With the foregoing law and the U.S. Trustee's objections in mind, the Court has reviewed the four Applications for compensation filed by counsel for the Unsecured Creditors Committee. This review has been hampered by the different formats used by co-counsel. Brown Winick's statements are in chronological order. Lowenstein Sandler's statements are listed by project. Had counsel appeared at the hearing, the Court would have requested that both law firms resubmit their statements in the same format. Regardless, the Court is satisfied that its review reveals services and charges which do not satisfy the foregoing guidelines.

Most obvious is counsel's billing for preparation of and requests to compel payment of attorney compensation. Lowenstein Sandler's projects B160 and B165 include fees for preparing its fee applications and reviewing Brown Winick's. The Court is also aware of the multiple times Attorney Kruse filed objections to other parties' attorney fees and appeared in Court attempting to compel payment of his fees before others. Also, as noted by U.S. Trustee, it is difficult to tell from Attorney Kruse's statements, but it appears that he has billed his standard rate for travel, rather than one-half that amount.

4

Most troubling are the duplicative billings for intra-office or co-counsel conferences. These activities are the most difficult to compare because of the different statement formats used by counsel. It is apparent, however, that Bradley Kruse from Brown Winick and Bruce Buechler from Lowenstein Sandler spent a substantial and unusual amount of time talking to each other and reviewing each other's work, with both of them billing for that time. They also both billed for time reviewing various filings by other parties throughout their employment. The Court agrees with the U.S. Trustee that reading the newspaper or other media reports regarding the case is not compensable from the bankruptcy estate.

As asserted by the U.S. Trustee, it is difficult to determine what unsecured creditor's counsel accomplished to further the interests of the Unsecured Creditors Committee. The large amount of fees and expenses incurred fail to correlate with the minimal likelihood that unsecured creditors would receive any distribution. It was quite apparent early in this case that a sale of assets would be necessary in this Chapter 11 case and that the sale would not produce a benefit to creditors holding unsecured claims.

Rather than making a line-by-line analysis of counsels' fee and expense statements, this Court takes a broad view of applications for compensation and makes equitable reductions where appropriate. In this case, the relevant parties negotiated a carve-out of $95,000 to pay fees for counsel for the Unsecured Creditors Committee in post-petition financing motions. The Court approved these motions and Trustee has paid the Committee's co-counsel that amount.

Several observations appear appropriate concerning payment of the carve-out. This was included in a negotiated agreement involving funds which constituted cash collateral of secured creditors. It did not strictly involve estate assets. Secondly, the Court notes that counsel for neither applicant appeared at this hearing. When a final fee application is presented to the Court, all fees awarded to the applicant are subject to review. When there are objections, the burden is upon the applicant to justify all fees. This was not done here. All fees could be denied by the Court. However, as the $95,000 fees were a negotiated carve-out and the affected secured creditors have not objected, the Court elects not to disturb those fees but will review only the remainder of the compensation requested.

The burden is upon movant's attorneys to justify their fees requests. By failing to appear, counsel for the Unsecured

5

Creditors Committee have failed to establish entitlement to any further compensation.  Even so, a review of the applications reveals that counsels' billings are not reasonable, in light of the probable lack of distribution to unsecured creditors.  Reasonable billing judgment on the part of the Committee's counsel should have led them to reduce the number of hours spent on this case.  Counsel could have protected the Committee's interests without charging fees which would burden the bankruptcy estate, such as it is.  Thus, the Court will disallow any payment of fees and expenses to Counsel for the Committee beyond the $95,000 already disbursed by Trustee.

**WHEREFORE**, the Final Applications for Compensation for Attorneys for Unsecured Creditors Committee (Docs. 1008 and 1012), above the $95,000 previously disbursed, are DENIED.

**FURTHER**, of the total amount requested by Bradley Kruse of the Brown, Winick, Graves law firm and Lowenstein Sandler PC, as co-counsel for the Unsecured Creditors Committee, the Court gives final approval to the payment of $95,000 which has already been disbursed by Trustee to Counsel for the Unsecured Creditors Committee for the reasons set forth in this opinion.

**FURTHER**, the remainder of the compensation requested is DENIED and is not payable from the bankruptcy estate or any other source.

DATED AND ENTERED: December 8, 2009

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE