**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | BANKRUPTCY NO. 08-2751 |
| AGRIPROCESSORS, INC. ) | |
| ) | |
| Debtor. ) | |

### MOTION TO SETTLE AND COMPROMISE CLAIM

Joseph E. Sarachek, the duly appointed trustee in the above captioned case ("Trustee"), through his undersigned counsel, for his motion as above captioned, respectfully states:

1. Trustee, in the exercise of his statutory duty, has been reviewing the payment history of the debtor during the ninety (90) days prior to the date of the filing of this case (the "Preference Period").
2. Trustee has determined that Jacobson Staffing Company, L.C. ("Jacobson") received substantial payments during the Preference Period, totaling approximately $3.3 million.
3. Trustee has made demand upon Jacobson for a return of the payments made during the Preference Period, pursuant to his authority under 11 U.S.C. § 547(b) and Jacobson has asserted the defenses of ordinary course and subsequent advance of new value as set out in 11 U.S.C. § 547(c).
4. As part of the negotiations leading to this motion, Jacobson has provided to the Trustee more than one thousand four hundred (1,400) pages of documents supporting its defenses.
5. Trustee has reviewed the documents supplied by Jacobson and believes that the defenses may make it unlikely that the Trustee will recover even a significant minority of the payments made during the preference period.
6. Further, Trustee has determined that any litigation to recover from Jacobson is likely to be long and costly, given the complex nature of the evidence offered by Jacobson to support its defenses and the uncertainty of the law with regard to both the new value and ordinary course defenses.
7. Jacobson has offered to pay to the Trustee, within 10 days upon entry of an order by this Court, the sum of seventy thousand dollars ($70,000.00) by wire transfer.
8. Upon receipt of payment, the alleged payment voidance liability to the bankruptcy estate under 11 U.S.C. § 547, 548, and or 549 will be considered satisfied in full, and Jacobson shall be entitled to file an unsecured proof of claim (or amend an existing proof of claim) for said amount within 60 days following payment of the

settlement. If requested by Jacobson, a mutually satisfactory release of said alleged payment voidance liability will be signed by the Trustee.

9. The Trustee believes that such payment represents a fair and reasonable settlement, given the totality of the circumstances as outlined above, and that it is in the best interests of the bankruptcy estate to accept that settlement.

WHEREFORE, the Trustee respectfully requests that the Court, after notice and opportunity for hearing, enter an order approving the settlement as set forth herein, and granting the Trustee such additional or alternative relief as appears just and equitable under the circumstances.

Respectfully Submitted,

*/s/ Dan Childers*

| Dan Childers | LI0007535 |
| Paula L. Roby | LI1442523 |

115 First Ave. S.E.
P.O. Box 1968
Cedar Rapids, IA 52406-1968
PHONE: (319) 362-2137
FAX: (319) 362-1640
dchilders@elderkinpirnie.com
plroby@elderkinpirnie.com

ATTORNEYS FOR
CHAPTER 7 TRUSTEE