# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>AGRIPROCESSORS, INC.<br><br>    Debtor.<br><br>JOSEPH E. SARACHEK, in his capacity as CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br>vs.<br><br>CHABAD OF NORTH FULTON, INC. f/k/a/ CHABAD OF ALPHARETTA, INC.<br><br>    Defendant. | CHAPTER 7<br>BANKRUPTCY NO. 08-2751<br><br><br><br><br>ADVERSARY NO. _____ |

## COMPLAINT TO AVOID FRAUDULENT CONVEYANCE

Plaintiff Trustee Joseph E. Sarachek (the "Trustee"), in his capacity as Trustee, by and through his undersigned counsel, and in support of this Complaint respectfully states:

### JURISDICTION AND VENUE

1. Plaintiff is the duly appointed Chapter 7 Trustee in the Agriprocessors, Inc. ("Agriprocessors") bankruptcy, as above captioned.

2. The Defendant, Chabad of North Fulton, Inc. f/k/a Chabad of Alpharetta, Inc. ("Chabad of North Fulton"), within the two-year period prior to filing, received payment(s) from Agriprocessors totaling at least $50,000.00.

3. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue is proper in this adversary proceeding pursuant to 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

4. On November 4, 2008, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (the "New York Court").

5. By Order dated November 20, 2008, the New York Court approved the appointment of Joseph E. Sarachek as the Trustee in this case (Iowa Docket No. 56).

6. After hearings that concluded on December 12, 2008, the New York Court entered an Order granting a Motion to Change Venue from the Eastern District of New York to the Northern District of Iowa (Iowa Docket No. 1).

7. On October 3, 2009, the Court entered its orders converting this case to a case under Chapter 7 of the Bankruptcy Code and appointing Joseph E. Sarachek as Chapter 7 Trustee.

8. Within the two years before the Petition Date, Defendant received at least one payment, check number 144995, dated March 10, 2008, which cleared March 11, 2008, in the amount of $50,000.00 from the Debtor.

9. The Trustee is not aware of any value provided to the Debtor from the Defendant in exchange for the payment, and therefore, the Trustee reasonably concludes that the transfer was in exchange for less than a reasonably equivalent value.

10. Debtor was insolvent at all times during the two-year period before the Petition Date.

## CONCLUSIONS

11. The payment as described above constitutes a recoverable fraudulent conveyance pursuant to 11 U.S.C. § 548.

12. Pursuant to the provisions of 11 U.S.C. §§ 550, and 551, the Trustee is entitled to recover the value of the fraudulent conveyance. Therefore, the Trustee is entitled to entry of a judgment in his favor and against Chabad of North Fulton in the amount of $50,000.00.

WHEREFORE, the Trustee respectfully requests entry of judgment in his favor and against Defendant in the amount of $50,000.00 and the Trustee requests such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

*[signature]*

Dan Childers             LI0007535
Paula L. Roby            LI1442523
Desirée A. Withers       AT0010265
ELDERKIN & PIRNIE, P.L.C.
115 First Ave SE; P.O. Box 1968
Cedar Rapids, IA 52406-1968
PHONE: (319) 362-2137
FAX: (319) 362-1640
ATTORNEYS FOR CHAPTER 7 TRUSTEE