## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>AGRIPROCESSORS, INC.<br><br>    Debtor.<br><br>JOSEPH E. SARACHEK, in his capacity as CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br>vs.<br><br>CONGREGATION KEREN RAZAG and YOSEF STERNBERG,<br><br>    Defendants. | CHAPTER 7<br>BANKRUPTCY NO. 08-2751<br><br><br><br><br>ADVERSARY NO. _____ |

## COMPLAINT TO AVOID FRAUDULENT CONVEYANCES AND PREFERENTIAL TRANSFERS

Plaintiff Trustee Joseph E. Sarachek (the "Trustee"), in his capacity as Trustee, by and through his undersigned counsel, and in support of this Complaint respectfully states:

### JURISDICTION AND VENUE

1. Plaintiff is the duly appointed Chapter 7 Trustee in the Agriprocessors, Inc. ("Agriprocessors") bankruptcy, as above captioned.

2. The Defendants, Congregation Keren Razag and Yosef Sternberg (collectively referred to hereinafter as "Cong Keren Razag"), within the two-year period prior to filing, received payments from Agriprocessors totaling $437,500.00.

3. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(F). Venue is proper in this adversary proceeding pursuant to 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

4. On November 4, 2008, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (the "New York Court").

5. By Order dated November 20, 2008, the New York Court approved the appointment of Joseph E. Sarachek as the Trustee in this case (Iowa Docket No. 56).

6. After hearings that concluded on December 12, 2008, the New York Court entered an Order granting a Motion to Change Venue from the Eastern District of New York to the Northern District of Iowa (Iowa Docket No. 1).

7. On October 3, 2009, the Court entered its orders converting this case to a case under Chapter 7 of the Bankruptcy Code and appointing Joseph E. Sarachek as Chapter 7 Trustee.

## COUNT 1: FRAUDULENT CONVEYANCES

8. Within the two years before the Petition Date, Defendants received at least eleven (11) payments, totaling $437,500.00, detailed on Exhibit "A," attached hereto, from the Debtor.

9. The Trustee is not aware of any value provided to the Debtor from the Defendants in exchange for the payments, and therefore, the Trustee

reasonably concludes that the transfers were in exchange for less than a reasonably equivalent value.

10. Debtor was insolvent at all times during the two-year period before the Petition Date.

11. The payments as described above constitute recoverable fraudulent conveyances pursuant to 11 U.S.C. § 548.

12. Pursuant to the provisions of 11 U.S.C. § 548, the Trustee is entitled to recover the value of the fraudulent conveyances.

## COUNT 2: PREFERENTIAL TRANSFERS

13. To the extent that Defendants provided consideration for the payments, the payments constituted transfers of an interest of the Debtor in property for or on account of an antecedent debt owed by the Debtor before such transfers were made.

14. Upon information and belief of the trustee, Debtor made such transfer to or for the benefit of an insider.

15. These payments constituted transfers of an interest of the Debtor in property made while the Debtor was insolvent.

16. The payments constituted transfers of an interest of the Debtor in property that enabled Cong Keren Razag, a creditor, to receive more than such creditor would have received if the transfers had not been made and the creditor had received payment of its debt to the extent provided by the provisions of Title 11 because the Debtor's liabilities far exceeded its assets both at the time of the transfers and at the time of the Petition Date.

17. Pursuant to the provisions of 11 U.S.C. § 550, the Trustee is entitled to recover the value of the preferential transfers.

## CONCLUSIONS

18. The payments as described above constitute recoverable fraudulent conveyances pursuant to 11 U.S.C. § 548, or alternatively, recoverable preferences pursuant to 11 U.S.C. § 547(b).

19. Pursuant to the provisions of 11 U.S.C. §§ 550 and 551, the Trustee is entitled to recover the value of the fraudulent conveyances or preferential transfers. Therefore, the Trustee is entitled to entry of a judgment in his favor and against Defendants in the amount of $437,500.00.

WHEREFORE, the Trustee respectfully requests entry of judgment in his favor and against Defendants in the amount of $437,500.00 and the Trustee requests such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

_____
Dan Childers            LI0007535
Paula L. Roby           LI1442523
Desirée A. Withers      AT0010265
ELDERKIN & PIRNIE, P.L.C.
115 First Ave SE; P.O. Box 1968
Cedar Rapids, IA 52406-1968
PHONE: (319) 362-2137
FAX: (319) 362-1640
ATTORNEYS FOR CHAPTER 7 TRUSTEE

Exhibit A

Detail of Payments to Cong Keren Razag

| Amount | Check Number | Check Date | Date Cleared |
|---|---|---|---|
| $ 25,000.00 | Wire Transfer | N/A | 8/18/2008 |
| $ 100,000.00 | Wire Transfer | N/A | 8/11/2008 |
| $ 5,000.00 | 43703 | 8/3/2008 | 8/5/2008 |
| $ 100,000.00 | 43702 | 8/3/2008 | 8/6/2008 |
| $ 150,000.00 | 44856 | 9/3/2008 | 9/17/2008 |
| $ 7,500.00 | 44857 | 9/3/2008 | 9/18/2008 |
| $ 12,500.00 | 135752 | 4/23/2008 | 5/6/2008 |
| $ 7,500.00 | 135812 | 4/10/2008 | 4/11/2008 |
| $ 10,000.00 | 146241 | 5/3/2008 | 6/4/2008 |
| $ 10,000.00 | 146242 | 7/3/2008 | 7/7/2008 |
| $ 10,000.00 | 146243 | 8/3/2008 | 8/5/2008 |
| **$ 437,500.00** | Total amount paid by Agriprocessors, Inc. | | |