UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | BANKRUPTCY NO. 08-2751 |
| AGRIPROCESSORS, INC. ) | |
| ) | |
| ) | |
| Debtor. ) | |

## STIPULATED TOLLING AGREEMENT BETWEEN CHABAD- LUBAVITCH OF MERCER COUNTY, INC. AND THE CHAPTER 7 TRUSTEE

This stipulated Tolling Agreement (the "Stipulation") is entered into by and between Joseph E. Sarachek in his capacity as Chapter 7 Trustee (the "Trustee") and Chabad-Lubavitch of Mercer County, Inc. ("Chabad") with respect to the following:

### STIPULATED FACTS

1. On November 4, 2008, Agriprocessors, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (the "New York Court").

2. By Order dated November 20, 2008, the New York Court approved the appointment of Joseph E. Sarachek as the Trustee in this case (Iowa Docket No. 56.).

3. After hearings that concluded on December 12, 2008, the New York Court entered an Order granting a Motion to Change Venue from the Eastern District of New York to the Northern District of Iowa (Iowa Docket No. 1).

4. On October 3, 2009, the Court entered its orders converting this case to a case under Chapter 7 of the Bankruptcy Code and appointing Joseph E. Sarachek as Chapter 7 Trustee.

5. The two-year statute of limitations contained in Sections 108 and 541-554 of the Bankruptcy Code and other applicable nonbankruptcy law expires on or about November 4, 2010.

6. In the absence of this Stipulation, the Trustee would be forced to initiate an action against Chabad without allowing a reasonable opportunity to investigate further the underlying facts and potentially resolve any issues between them.

7. To avoid potentially unnecessary litigation costs, the Trustee and Chabad have agreed to toll, through and including March 4, 2011, the running of any statute of limitations or other time limitations applicable to avoidance or other actions that may be brought on behalf of the Debtor's estate under the Bankruptcy Code; claims subject to Section 108 of the Bankruptcy Code; and any claim, cause of action, or remedy under applicable nonbankruptcy law, subject to further extension.

8. Neither party hereto makes any representation or admission as to any claims, defenses, liabilities or any factual or legal issue arising from or in connection with the petition.

## RELIEF REQUESTED

WHEREFORE, the Trustee and Chabad hereby request that the Court accept their stipulation and agreement as follows:

1. The statute of limitations on any claim belonging to the Trustee arising against Chabad under the Bankruptcy Code; claims subject to Section 108 of the Bankruptcy Code; or any claim, cause of action, or remedy under applicable nonbankruptcy law that the Trustee may pursue against Chabad is hereby tolled such that all claims, and any rights and defenses existing with respect thereto, are hereby preserved and extended through March 4, 2011, as such claims, rights and defenses exist on the date of this Stipulation.

2. This Stipulation is subject to such further extensions as the parties and the Court may agree.

3. Each of the undersigned hereby represent that he/she is authorized to execute this Stipulation on behalf of the parties to this Stipulation.

4. This Stipulation shall inure to the benefit of the Trustee and his successors-in-interest and assigns.

5. This Stipulation may be executed in counterparts, and by facsimile or other electronic transmission of signatures.

Dated: 11/3/10

By: _____

Dan Childers          LI0007535
Paula L. Roby         LI1442523
Desirée A. Withers    AT0010265
Elderkin & Pirnie, P.L.C.
115 First Ave. S.E.
P.O. Box 1968
Cedar Rapids, IA 52406-1968
PHONE: (319) 362-2137
FAX: (319) 362-1640

ATTORNEYS FOR CHAPTER 7 TRUSTEE

Dated: _____

By: _____

Bruce I. Afran
Attorney at Law
10 Braeburn Drive
Princeton, NJ 08540
PHONE: (609) 924-2075

ATTORNEY FOR CHABAD-LUBAVITCH OF MERCER COUNTY, INC.